OPINION

OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \*

QUESTION PROPOUNDED BY THE HOUSE IN AN ORDER
DATED MAY 4, 1955
ANSWERED MAY 11, 1955

HOUSE ORDER PROPOUNDING QUESTION

STATE OF MAINE

In House, May 4, 1955.

ORDERED,

WHEREAS, a bill has been introduced into the Senate
and is now pending in the House and it is important that
the Legislature be informed as to the constitutionality of
the proposed bill, and

WHEREAS, it appears to the House of Representatives
of the Ninety-seventh Legislature that it presents import-
ant questions of law and the occasion is a solemn one;

NOW, THEREFORE, BE IT ORDERED, that in accord-
ance with the provisions of the Constitution of the State,
the Justices of the Supreme Judicial Court are hereby re-

spectfully requested to give this Legislature their opinion on the following question:

Has the Legislature the right and authority under the Constitution of Maine to enact a law according to the terms of the following bill?

### S. P. 551—L. D. 1489

AN ACT Relating to the Hospitalization of the Mentally Ill.
Name: Mr. Earles of South Portland

Passed.

A true copy. Attest:

HARVEY R. PEASE,
Clerk of the House.

### NEW DRAFT OF S. P. 480—L. D. 1349

### NINETY-SEVENTH LEGISLATURE

**Legislative Document**         **No. 1489**
S. P. 551         In Senate, April 22, 1955

Reported by Senator Reid of Kennebec from the Committee on Judiciary and printed under Joint Rules No. 10.
CHESTER T. WINSLOW, Secretary

### STATE OF MAINE

### IN THE YEAR OF OUR LORD NINETEEN HUNDRED FIFTY-FIVE

**AN ACT Relating to Hospitalization of the Mentally Ill.**

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1. R. S., c. 27, §§ 103-A - 103-F, additional.** Chapter 27 of the revised statutes is hereby amended by adding thereto 6 new sections to be numbered 103-A to 103-F, to read as follows:

'Sec. 103-A. Hospitalization; emergency procedure. When any blood relative, husband or wife, or any municipal or state police officer, or sheriff or justice of the peace has reason to believe that a person is mentally ill and requires emergency hospitalization, he shall immediately sign a petition so stating addressed to the superintendent of the Augusta State Hospital or the superintendent of the Bangor State Hospital or to the Veterans Administration or other agency of the United States Government, requesting immediate admission and acceptance of said alleged mentally ill person into his hospital for the purpose of observation and treatment. Said petition shall be immediately presented to the city or town clerk or to a member of the city council or member of the board of selectmen in the town where the alleged mentally ill person resides or is found, and upon receipt of said petition said municipal official shall promptly inquire into the facts set forth in said petition and if he is satisfied that the said person requires immediate admission to one of the said State or Federal mental hospitals, he shall so state on the said petition and join therein by affixing his signature. The petition shall be accompanied by a certificate signed by a physician qualified to practice medicine or osteopathy in this State, stating that he has examined the said person within the previous 5 days or that the person has refused to submit to examination, and that in his opinion the said person is mentally ill and, because of his illness is likely to injure himself or others if not immediately restrained, and giving the reasons for his opinion. Following the signing of the petition and the certificate as aforesaid, the municipal official shall forthwith order the alleged mentally ill person to be taken to such State hospital as he may properly designate or, upon receipt of a certificate from the Veterans Administration or other agency of the United States Government showing that facilities are available and that such person is eligible for care and treatment therein, to said Veterans Administration or other agency, and at the

expense of the town or city. The said person shall be accompanied by true copies of the petition and the physician's certificate together with a statement of facts satisfactory to the Department in regard to the financial ability of such patient or any of his relatives legally liable for his support. Any petition or physician's certificate bearing a date more than 10 days prior to the date of arrival of the said petition at the hospital for admission shall be void and no physician's certificate shall be valid or accepted if signed by a physician employed by the hospital for the mentally ill to which said person is admitted. No feeble-minded person shall be accepted by any State hospital for the mentally ill.

Sec. 103-B. Preliminary observation; emergency procedure. The superintendent or head of the hospital to which the alleged mentally ill person is sent or his duly appointed substitute shall receive and detain such person for observation and treatment for a period of not more than 35 days, provided that such person is accompanied by the said petition and certificate. Prior to the expiration of 25 days of the observation period the superintendent, head of the hospital or his duly appointed substitute may request in a petition addressed to the probate court situated in the county in which is located the mental hospital in which the said person is being detained, that the court decide that the said person requires hospitalization for an indefinite period. If the superintendent, head of the mental hospital or his duly appointed substitute shall find that the alleged mentally ill person is not in need of further care and treatment and should be discharged as soon as practicable, he shall so state in a certificate, a true copy of which shall be sent to the municipal official who joined in the original petition for emergency hospitalization. A true copy may also be sent to a spouse, relative or other person if it is so deemed proper and advisable. Attached to the true copy sent to the municipal official, the superintendent, head of the mental hospital or

his duly appointed substitute, may send an order requiring the municipality to transport the said person from the hospital to the municipality. This order shall be enforceable by mandamus.

Sec. 103-C. Hearing in probate court following emergency detention. The petition for involuntary hospitalization in the foregoing section shall state that the alleged mentally ill person is being detained in the mental hospital for observation and treatment and that the said person has designated certain relatives or husband or wife or other person to receive notice of hearing, that in the opinion of the undersigned, the appearance of the said person at the hearing would or would not be detrimental to the mental health of the said person, and that in the opinion of the undersigned, the said person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient insight or capacity to make responsible decisions with respect to his hospitalization. The said petition shall be prima facie evidence of the facts stated therein. Upon receipt of the said petition, the judge of probate in the county in which is located the hospital in which the said person is being detained shall immediately appoint a time and place for hearing. The judge of probate shall cause to be given in hand to the person so alleged to be mentally ill, at least 48 hours prior to the time appointed for hearing, a notice stating the time and place and purpose of the said hearing, and that the person has a right to be present and to be heard at the hearing, and to be represented by counsel if he so desires. A copy of the petition and notice of the time, place and purpose of the hearing shall be sent by registered mail to both the municipal official and the person signing the petition requesting emergency detention.

Sec. 103-D. Probate court proceedings. The hearing may be conducted in as informal a manner as may be con-

sistent with orderly procedure and in a physical setting not likely to have a harmful effect on the mental health of the proposed patient. The court shall receive all relevant and material evidence which may be offered and shall not be bound by the rules of evidence. The court shall have the authority to summon such witnesses as shall be necessary for a full understanding of the case. If the judge of probate is satisfied that the condition of the person is such that his appearance at said hearing would be harmful to his mental health, then he shall not be required to be present. An opportunity to be represented by counsel shall be afforded to every person alleged to be mentally ill and if neither he nor others provide counsel, the court shall appoint counsel. The testimony of 2 reputable physicians shall be required for a person to be declared to be mentally ill. If upon completion of the hearing and consideration of the evidence, the court finds that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient capacity or insight to make responsible decisions with respect to his hospitalization, it shall order him to be placed, for care and treatment, for an indeterminate period, in the custody of the superintendent of said State hospital or in custody of the Veterans Administration or other agency of the United States Government and shall direct the superintendent or the Veterans Administration or other agency of the United States Government to receive and detain him until he no longer has need for treatment or is discharged by law or by the superintendent, or Veterans Administration or other agency of the United States Government.

Sec. 103-E.  Jurisdiction of probate courts and municipal officers; standard procedure.  The probate court in the county where a person resides or may be found, or the municipal officers of the municipality where a person resides or

may be found, or a committee of not less than 3 thereof, shall have jurisdiction to order a person to be hospitalized for an indeterminate period where it shall be found that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient insight or capacity to make responsible decisions with respect to his hospitalization. Proceedings may be commenced by the filing of a petition for hearing by a blood relative, husband or wife, municipal or state police officer, sheriff, justice of the peace, superintendent, head of a mental hospital or his duly appointed substitute, in which such mentally ill person may be, with the probate court or municipal officers, stating that a person is mentally ill and requesting care and treatment for an indeterminate period. The petition shall be accompanied by a certificate signed by a reputable physician stating that he has examined the person within the previous 5 days or that the person has refused to submit to examination and that in his opinion the person is mentally ill and requires care and treatment in a mental hospital. Upon receipt of the petition and certificate, which shall not have been dated more than 10 days prior to receipt, the probate court or the municipal officers shall immediately appoint a time and place for hearing, and shall cause to be given in hand to the person alleged to be mentally ill at least 48 hours prior to the time appointed for hearing a notice stating the time and place and purpose of the hearing and that the person has a right to be present and to be heard at the hearing, and to be represented by counsel, if he so desires. A true copy of this notice shall be sent by registered mail to the person signing the petition.

Sec. 103-F. Procedure before probate court or municipal officers. The hearing before the probate court or municipal officers shall be as in the case of hearing before the probate

court following emergency detention as provided in sections 103-C to 103-D. If the person alleged to be mentally ill refuses to submit to examination by 2 physicians, then the court or the municipal officers shall so order him.

If upon completion of the hearing and consideration of the evidence, the probate court or the municipal officers find that the person is mentally ill, and because of his illness is likely to injure himself or others if allowed to remain at liberty, or is in need of custody, care or treatment in a mental hospital and, because of his illness, lacks sufficient capacity or insight to make responsible decisions with respect to hospitalization, the court or municipal officers shall forthwith order the alleged mentally ill person to be taken to such State hospital as it or they may properly designate or, upon receipt of a certificate from the Veterans Administration or other agency of the United States Government showing that facilities are available and that such person is eligible for care and treatment therein, to said Veterans Administration or other agency and at the expense of the municipality in which he resided or was found.

The court or the municipal officers shall direct the superintendent of said State hospital, or the Veterans Administration, or other agency of the United States Government to receive and detain him until he no longer has need for treatment or is discharged by law, or by the superintendent, or Veterans Administration or other agency of the United States Government. He shall be accompanied by a true copy of the order of the probate court or municipal officers and, where ordered to be taken to a State hospital, a statement of facts satisfactory to the Department in regard to the financial ability of such patient or any of his relatives legally liable for his support, and, wherever ordered to be taken, a brief report of any facts regarding the behavior of the person which would be of value to the hospital in treating him.

The municipal officers of a town or city are hereby con-

stituted a court of record when acting pursuant to the provisions of this section.'

Sec. 2.   R. S., c. 27, §§ 104-113, repealed.   Section 104 to 113, inclusive, of chapter 27 of the revised statutes are hereby repealed.

### ANSWER OF THE JUSTICES

To the Honorable House of Representatives of the
      State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, the undersigned Justices of the Supreme Judicial Court, having considered the question submitted by the foregoing Order of the House of Representatives, answer as follows:

In *Sleeper, Applt.,* 147 Me. 302, we had occasion to pass upon the constitutionality of certain sections of P. L., 1951, Chap. 374, which substantially changed the methods of commitment of persons alleged to be mentally ill. We then declared that the procedure inaugurated in the 1951 law failed to meet constitutional requirements in that (1) it permitted the commitment of persons for a period limited to thirty-five days without notice or hearing, whether or not there existed any immediate danger that they might cause injury to themselves or others, and (2) it failed to provide such persons with any method of instituting proceedings within the period of restraint to test the necessity of their commitment.

Upon perusal of S. P. 551, L. D. 1489 now before us for examination, it becomes apparent that by the proposed draft, an attempt is made to remedy only the first of these defects. Unlike the 1951 law, the new bill limits emergency commitment to persons who are certified by a physician to be mentally ill and who "because of (their) illness (are)

likely to injure (themselves) or others if not immediately restrained." There is no language in the new bill which attempts in any way to provide any method by which the person under temporary restraint may test the necessity thereof. Without intimating what would be our view if appropriate language were inserted to cure the noted defect, we deem that the proposed bill tends to deprive persons of their liberty without due process of law in contravention of Section 6 of Article I of the Constitution of Maine. Accordingly, we answer the submitted question in the negative.

Dated at Augusta, Maine, this 11th day of May, 1955.

Respectfully submitted:

RAYMOND FELLOWS
ROBERT B. WILLIAMSON
FRANK A. TIRRELL, JR.
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.